# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| OFFIT KURMAN, P.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MARK LILLARD, IMC OF | ) | C.A. No. N25C-03-120 CLS |
| DELAWARE, LLC, FAIN AUTO | ) | |
| SALES, LLC; CORDOVA AUTO | ) | |
| GROUP, LLC, LILLARD LAND | ) | |
| HOLDING, LLC, and SHIPPUDEN | ) | |
| TRANSPORT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Date Submitted: September 29, 2025
Date Decided: December 11, 2025

*Upon Defendant Mark Lillard's Motion for Sanctions and Motion to Dismiss*,
**DENIED.**

## MEMORANDUM OPINION

Thomas Kramer, Esquire of OFFIT KURMAN, P.A., *Attorney for Plaintiff*.

Mark Lillard, *Pro Se Defendant*.

**SCOTT, J.**

This matter stems from the defendant's failure to pay legal fees to the plaintiff per a contract. The plaintiff brought this action alleging claims for breach of contract, promissory estoppel, quantum meruit, and unjust enrichment. The defendant now moves for sanctions and seeks dismissal for failure to state a claim upon which relief can be granted. For the reasons stated below, the defendant's motion is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

### I. THE PARTIES

Offit Kurman, P.A. ("Plaintiff"), is a professional association organized in Maryland and incorporated in Delaware.[2]

Mark Lillard ("Defendant") is a resident of Delaware.[3]

### II. FACTUAL AND PROCEDURAL BACKGROUND

The Complaint arises from Plaintiff's legal representation of Defendant and entities owned and operated by Defendant: IMC of Delaware, LLC, Fain Auto Sales, LLC, Cordova Auto Group, LLC, Lillard Land Holding, LLC, and Shippuden Transport, LLC (collectively, the "Defendant Entities").[4]

---

[1] The facts are drawn from the allegations in the Complaint. *See generally* Complaint, D.I. 1 ("Compl.").
[2] Compl. ¶ 1.
[3] *Id.* ¶ 2.
[4] *Id.* ¶¶ 2–9.

Between December 13, 2023 and December 29, 2023, Defendant and Plaintiff "entered into a series of Engagement Letters[,]" which "were subject to the Terms and Conditions of Representation" (collectively, the "Contracts").[5] Under the Contracts, Plaintiff provided Defendant and the Defendant Entities with legal services in various matters.[6]

The Contracts required Defendant to make a payment for the legal services performed by Plaintiff within 30 days of any invoice issued.[7] Plaintiff alleges that after performing its obligations "in a competent and reasonable manner[,]"[8] Defendant failed to render payment as provided by the terms of the Contracts.[9] Paragraph 15 of the Complaint claims that Defendant (and the Defendant Entities) "accepted the benefit of Plaintiff's Services, and were required to make payment to Plaintiff for said Services within [30] days of the date of each invoice" under the Contracts.[10] Further, Defendant had 30 days from the date of any invoice to raise any questions or objections to the fees charged.[11]

According to the Complaint, Defendant and the Defendant Entities owe Plaintiff $262,236.14 in outstanding legal fees.[12] The Complaint asserts that the fees

---

[5] Compl. ¶ 9, Ex. 1.
[6] *Id.* ¶ 11.
[7] *Id.* ¶ 15.
[8] *Id.* ¶ 14.
[9] *Id.* ¶¶ 10–20.
[10] *Id.* ¶ 15, Ex. 1.
[11] *Id.* ¶ 16.
[12] *Id.* ¶ 18.

charged "were fair and reasonable given . . . the complexity of the matters, the skill level required, and the time commitment that was required of Plaintiff."[13]  Plaintiff seeks to recover the outstanding legal fees plus interest and attorney's fees and costs.[14]

On March 10, 2025, Plaintiff filed the instant Complaint asserting four claims: Count I for breach of contract, Count II for promissory estoppel, Count III for quantum meruit, and Count IV for unjust enrichment.[15]  The Court granted Defendant two enlargements of time to respond to the Complaint.  Defendant then filed a motion comprised of both a motion for sanctions and a motion to dismiss all claims against him on May 20, 2025.[16]  Plaintiff opposes.[17]

The Court also notes that the parties have a related case pending in this Court.  There, Defendant is asserting claims for legal malpractice, breach of contract, breach of fiduciary duty, and negligent supervision against Plaintiff.[18]  Because of the common questions of fact in the instant action and the related case, the Court issued an order on September 15, 2025, asking the parties why the case should not be

---

[13] Compl. ¶ 19.
[14] *Id.* ¶ 20.
[15] *See generally* Compl.
[16] *See generally* Defendant's Motion to Dismiss and for Sanctions Under Rule 11, D.I. 15 ("MTD").
[17] *See generally* Plaintiff's Opposition to Defendant's Motion to Dismiss and for Sanctions Under Rule 11, D.I. 16 ("Resp. to MTD).
[18] Plaintiff's Amended Complaint at 22, 34, 44, 52, *Lillard v. Kurman*, N24C-10-001 DJB (Del. Super. Oct. 3, 2024).

consolidated under Superior Court Civil Rule 42(a).[19] On September 29, 2025, Plaintiff responded, arguing that consolidation of the cases would not serve the purposes of Rule 42(a) at this juncture.[20] Defendant did not respond. The Court now issues its decision on the merits of Defendant's motion to dismiss and motion for sanctions.

## STANDARD OF REVIEW

Upon a motion to dismiss under Superior Court Civil Rule 12(b)(6), the Court (i) accepts all well-pled factual allegations as true, (ii) accepts even vague allegations as well-pled if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[21] The Court does not, however, accept "conclusory allegations that lack specific supporting factual allegations."[22] But "it is appropriate . . . to give the pleader the benefit of all reasonable inferences that can be drawn from the pleading."[23]

---

[19] *Lillard v. Kurman*, 2025 WL 2653163, at *1 (Del. Super. Sept. 15, 2025).
[20] Plaintiff's Response to the Court's Order, D.I. 26.
[21] *ET Aggregator, LLC v. PFJE AssetCo Hldgs. LLC*, 2023 WL 8535181, at *6 (Del. Super. Dec. 8, 2023).
[22] *Id*. (quoting *Ramunno v. Crawley*, 705 A.2d 1029, 1034 (Del. 1998)).
[23] *TrueBlue Inc. v. Leeds Equity Partners IV, LP*, 2015 WL 5968726, at *2 (Del. Super. Sept. 25, 2015) (quotation omitted).

Generally, when considering a Rule 12(b)(6) motion to dismiss, the Court "may not consider matters outside the complaint"[24] unless the documents "are integral to or incorporated by reference[.]"[25]

## DISCUSSION

Defendant asks the Court to impose sanctions against Plaintiff under Superior Court Civil Rule 11, arguing that the Complaint violates Rule 11(b).[26] Defendant further moves to dismiss all claims against it, asserting various theories in support of his argument.[27] The Court first addresses Defendant's motion to dismiss.

### I.   MOTION TO DISMISS

Defendant seeks dismissal of the Complaint, arguing that there is a lack of contractual privity and improper joinder of the Defendant Entities; that Plaintiff fails to state a claim for breach of contract; that Plaintiff is judicially estopped from asserting a cause of action; and that the Complaint should be dismissed under Rule 12(b)(6) based on a host of affirmative defenses.[28]

---

[24] *ET Aggregator, LLC*, 2023 WL 8535181, at *6 (quoting Super. Ct. Civ. R. 12(b)).
[25] *ET Aggregator, LLC*, 2023 WL 8535181, at *6 (quoting *In re Santa Fe Pac. Corp. S'Holder Litig.*, 669 A.2d 59, 70 (Del. 1995)).
[26] MTD at 8.
[27] *Id.* at 17.
[28] *Id.* at 17–32.

**A. Defendant may not assert arguments on behalf of the Defendant Entities as a non-lawyer.**

Defendant first argues that Plaintiff fails to state a claim because the Defendant Entities are not in privity with the Contracts and Plaintiff improperly joined the Defendant Entities as parties.[29]  Under Delaware law, a business—i.e., "any legally recognized entity"—must be represented by counsel.[30]  Defendant is not licensed to practice law and therefore cannot make arguments on behalf of the Defendant Entities.  Additionally, default judgment has been entered against the Defendant Entities.[31]  Accordingly, the Court will not consider these arguments as raised in Defendant's motion to dismiss.[32]

**B. Plaintiff states a claim for breach of contract.**

Next, Defendant claims that the "documentary evidence attached" to his motion to dismiss shows that the Complaint fails to allege facts sufficient to survive a Rule 12(b)(6) motion because the "[g]ravamen of [Plaintiff's] breach of contract theory rests" on the allegation that Defendant's "failure to object to an invoice within 30 days constitutes approval of the charges."[33]  Defendant proffers that there is no breach given that Defendant raised objections to the fees charges within the requisite

---

[29] MTD at 17.
[30] *Transpolymer Indus., Inc. v. Chapel Main Corp.*, 582 A.2d 936, 1990 WL 168276, at *1 (Del. Sept. 18, 1990) (TABLE) (internal citations omitted).
[31] *See* D.I. 17–21.
[32] *See* MTD at 17–26.
[33] *Id.* at 26.

time period.[34]  Plaintiff argues that the Complaint sufficiently alleges a breach of contract claim.[35]

Defendant's argument misconstrues the standard applied by this Court when ruling on a 12(b)(6) motion.  "[T]o survive a motion to dismiss for failure to state a breach of contract claim, the plaintiff must demonstrate:  first, the existence of the contract, whether express or implied;  second, the breach of an obligation imposed by that contract;  and third, the resultant damage to the plaintiff."[36]

Principally, although the Court may consider the Contracts as integral to and incorporated by reference in assessing the sufficiency of the Complaint under Rule 12(b)(6), the same cannot be said of the evidence provided by Defendant in support of his motion to dismiss.  The evidence is considered a matter outside the pleadings, and at this stage, is better reserved for discovery.

Nonetheless, the Court finds that Plaintiff states a claim for breach of contract sufficient to survive a motion to dismiss.  There is no dispute that the Complaint alleges the existence of a contract and resultant damages.  Defendant's only argument is that there was no breach because the evidence shows that the invoices were disputed within 30 days as required by the Contracts.  Under Delaware law, a

---

[34] MTD at 26–27.
[35] Resp. to MTD at 9.
[36] *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003) (internal citations omitted).

contract is interpreted as a whole and "courts must read the specific provisions of the contract in light of the entire contract."[37] For this reason, despite Defendant's contentions otherwise, it is reasonably conceivable that Defendant breached the obligation to render payment to Plaintiff as imposed by the Contracts. When the Contracts are read in their entirety, they do not state that disputing the invoices relieves Defendant of his contractual obligations. Thus, the Court rejects Defendant's argument.

## C. Plaintiff's claims are not barred by judicial estoppel.

Finally, Defendant argues that Plaintiff's claims are barred by the doctrine of judicial estoppel because Plaintiff "cannot simultaneously maintain a defense to malpractice by denying billing misconduct while prosecuting a fee recovery action based on the same charges and practices."[38] The Court concludes that Defendant's argument lacks merit.

"Judicial estoppel applies when a litigant's position 'contradicts another position that the litigant previously took and that the Court was successfully induced to adopt in a judicial ruling.'"[39]

---

[37] *Weinberg v. Waystar, Inc.*, 294 A.3d 1039, 1044 (Del. 2023) (quoting *Chicago Bridge & Iron Co. N.V. v. Westinghouse Electric Co. LLC*, 166 A.3d 912, 913–14 (Del. 2017)) (internal quotation marks omitted).

[38] MTD at 30.

[39] *Motors Liquidation Co. DIP Lenders Trust v. Allstate Insurance Company*, 191 A.3d 1109, 2018 WL 3360976, at *4 (Del. July 10, 2018) (TABLE) (quoting *Motorola Inc. v. Amkor Tech, Inc.*, 958 A.2d 852, 859–60 (Del. 2008)).

Here, Plaintiff's Complaint does not contradict any position taken in the related case that is *pending* in this Court. Plaintiff can defend billing misconduct in one action and file to recover unpaid legal fees in a separate action—these are not inconsistent positions. Moreover, Plaintiff has not successfully induced this Court to adopt any judicial ruling based on the alleged billing misconduct in the related action. Therefore, Defendant's argument that Plaintiff's cause of action is judicially estopped is unpersuasive.

### D. The remainder of Defendant's arguments are not suitable to address on a motion to dismiss.

The remainder of Defendant's arguments will not be considered at this stage of litigation. Defendant argues that the Complaint should be dismissed because there was a lack of mutual assent, "no personal guarantee," a material misrepresentation, violation of the doctrine of unclean hands, and abuse of process.[40] The Court agrees with Plaintiff that these are affirmative defenses unsuited for the pleading stage. Because "the record is undeveloped as to an answer" the Court cannot properly consider the merits of Defendant's arguments and will not do so now.[41]

### II. MOTION FOR SANCTIONS

Defendant claims that the Court should impose sanctions on Plaintiff for asserting false allegations in Paragraphs 14, 15, and 19 in the Complaint.[42] Plaintiff

---

[40] MTD at 25, 27, 29, 30.
[41] *US Dominion v. Newsmax Media, Inc.*, 2022 WL 2208580, at *28 (Del. Super. June 16, 2022).
[42] MTD at 8–17.

argues that Defendant's argument lacks merit, procedurally and substantively.[43] According to Plaintiff, Defendant fails to meet Rule 11's procedural requirements because there was no notice or 21-day safe harbor period provided to Plaintiff, and Defendant "commingled" the Rule 11 motion with the motion to dismiss.[44] In addition, Plaintiff posits that Plaintiff's "*simple knowledge of Mr. Lillard's dispute of his bill*" is not sanctionable under Delaware law.[45]

The Court agrees with Plaintiff. A Court may impose sanctions if a party violates Rule 11(b). Rule 11(b) provides that,

> By representing to the Court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

---

[43] Resp. to MTD at 4–9.

[44] *Id.* at 4–5.

[45] *Id.* at 6–9.

(4) the denials of factual contentions are warranted on the evidence. Or if specifically so identified, are reasonably based on a lack of information or belief.

If the Court finds that there has been a Rule 11(b) violation, the Court may impose sanctions provided certain procedural requirements are met by the moving party.[46]

Rule 11(c) requires that notice and a reasonable opportunity to respond is provided to the non-moving party before seeking Court intervention. To comply with the procedural requirements under Rule 11(c), the moving party must first move for sanctions "separately from other motions or requests" and serve the opposing party as provided in Rule 5.[47] A Rule 11 motion "shall not be filed with or presented to the Court unless, within 21 says after service of the motion . . ., the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."[48]

Defendant's motion for sanctions does not meet any of the procedural requirements under Rule 11. As Plaintiff points out, Defendant "commingled his Rule 11 motion with his [m]otion to [d]ismiss."[49] Additionally, Defendant did not provide Plaintiff with notice or an opportunity to respond within the 21-day safe harbor period before filing his motion with the Court. While the Court recognizes that *pro se* litigants are not familiar with the law and court procedures, "[t]here is no

---

[46] Super. Ct. Civ. R. 11(c).
[47] *Id.* 11(c)(1)(A).
[48] *Id.*
[49] Resp. to MTD at 4.

different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate an unrepresented plaintiff."[50] Therefore, Defendant's procedural default, on its own, is sufficient to dismiss the motion for sanctions. But the Court will also address Defendant's motion on the merits.

The Court concludes that imposing Rule 11 sanctions on this record is inappropriate. In *Anguilla RE, LLC v. Lubert-Adler Real Estate Fund, IV, L.P.*, this Court cautioned that Delaware courts "rarely impose sanctions" as "[a]llegations of violations of Rule 11's ethical and professional obligations are extremely serious."[51] Consequently, "[s]anctions should be reserved for those instances where the Court is reasonably confident that an attorney does not have an objective good faith belief in the legitimacy of a claim or defense."[52]

Defendant's arguments concerning Plaintiff's purported sanctionable conduct are unpersuasive under the standard and purpose of Rule 11. As stated above, the Complaint asserts a plausible and legitimate debt collection claim. Nothing on this record suggests that Plaintiff's allegations in Paragraphs 14, 15, and 19 of the

---

[50] *Draper v. Med. Ctr. of Delaware*, 767 A.2d 796, 799 (Del. 2001).

[51] 2012 WL 5351229, at *7, *8 (Del. Super. Oct. 16 2012) (citing *Sternberg v. Nanticoke Mem'l Hosp.*, 2009 WL 2219287, at *1 (Del. Super. June 3, 2009); *Wilson v. B&R. Transporters, Inc.*, 1994 WL 381001, at *2 (Del. Super. June 10, 1994)).

[52] *Id.* at *7 (quoting *Smith v. Donald L. Mattia, Inc.*, 2012 WL 252271, at *5 (Del Ch. Jan. 13, 2012)).

Complaint amounts to egregious and abusive conduct.[53] Even if Defendant raised objections to invoices within 30 days, the Plaintiff's knowledge of said objections is not enough to warrant sanctions—especially given the stage of litigation. The Court also cannot find that it is sanctionable for Plaintiff to allege that the legal services and fees provided were competent and reasonable on the grounds that Defendant is asserting the opposite in a separate action. The pleading stage is meant to give the opposing party notice of the claims so that there is an opportunity to prepare a defense against those claims. Defendant will have the opportunity to answer the Complaint and assert the defenses raised here, but "the threat of asserting Rule 11 claims should never be used as a litigation strategy."[54]

To conclude, the Court will not impose sanctions because Plaintiff formed a Complaint that, as a whole, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery and the record does not indicate that Paragraphs 14, 15, and 19 "adversely affect the integrity of the proceeding."[55] The Complaint is otherwise not being presented for an improper purpose and is warranted by existing law. Hence, the Court, in its discretion, concludes that sanctions are not warranted.

---

[53] *Anguilla RE, LLC*, 2012 WL 5351229, at *8.
[54] *Id.* at *8.
[55] *Crumplar v. Superior Court ex rel. New Castle County*, 56 A.3d 1000, 1010 (Del. 2012).

## CONCLUSION

For the foregoing reasons, Defendant Mark Lillard's Motion to Dismiss and Motion for Sanctions is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Calvin Scott*
Judge Calvin L. Scott, Jr.